IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GULNAR THAWAR, <br>    *Plaintiff*, | § § § § § | |
| v. | § § | Civil Action No.: 3:15-cv-02675-B |
| 7-ELEVEN, INC., <br>    *Defendant*. | § § § § | |

**UNOPPOSED MOTION FOR WITHDRAWAL OF PLAINTIFF'S COUNSEL, AND FOR 120-DAY EXTENSION OF ALL DEADLINES CONTAINED IN THE COURT'S SCHEDULING ORDER (DOC. 26)**

Movant Wade A. Forsman, attorney for Plaintiff Gulnar Thawar ("Thawar"), seeks the above-referenced relief, and in support shows the following:

1. *Reasons Requiring Movant's Withdrawal.* Pursuant to Local Rule 83.12(a), Movant relies on Rule 1.15 of the Texas Disciplinary Rules of Professional Conduct, titled "Declining or Terminating Representation," for filing this Motion. Specifically, Movant relies on the following three portions of that Rule:

> ***Rule 1.15(a)(1)***, which provides that a lawyer "shall . . . withdraw, . . ., from the representation of a client, if . . . the representation will result in violation of . . . applicable rules of professional conduct or other law[.]"
>
> ***Rule 1.15(b)(4)***, which provides that "a lawyer shall not withdraw from representing a client unless . . . a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement[.]"
>
> ***Rule 1.15(b)(6)***, which provides that "a lawyer shall not withdraw from representing a client unless . . . the representation . . . has been rendered unreasonably difficult by the client[.]"

**Unopposed Motion for Withdrawal of Plaintiff's Counsel, and for**     **Page 1**
**120-Day Extension of All Deadlines Contained in the Court's**
**Scheduling Order (Doc. 26)**

Of course, any discussion of the foregoing by Movant is precluded by the attorney-client privilege.

2.  *Client Consented, Including in Writing, to Movant's Withdrawal, Then Changed Her Mind.* Movant informed Thawar of her right not to consent. On Friday, October 21, 2016, Thawar signed a writing which stated the following: "I consent to my lawyer, Wade Forsman, withdrawing from representing me." However, on Monday, October 24, 2016, Thawar transmitted an email to Movant which stated, "[B]efore you submit any paperwork to the judge I do want to let you know that until I find another lawyer I cannot let you release [sic] from my case."

   A.  On October 21, 2016 Thawar asked Movant for time to find and retain new counsel. For this reason, Movant asks that all deadlines contained in the *Scheduling Order* (**Doc. 26**) be moved back by one hundred twenty days.

3.  *The Motion is Unopposed.* On Saturday, October 22, 2016, Movant conferred with counsel for 7-Eleven, Inc., Mr. M. Wilson Stoker, who advised that 7-Eleven does not oppose the withdrawal of Movant as counsel for Thawar, and that 7-Eleven does not oppose the request to move back all deadlines contained in the *Scheduling Order* (**Doc. 26**) by ninety days. On the afternoon of Friday, October 28, 2016, counsel for 7-Eleven indicated to Movant that the request for an extension of 120 days was also unopposed.[1]

4.  *Deadlines.* This Court entered a *Scheduling Order* (**Doc. 26**) on May 13, 2016.

---

[1] 7-Eleven is currently the only defendant in this action. On October 19, 2016 the parties executed and filed a document titled "Stipulation of Dismissal, *etc.*" (**Doc. 35**) which removed the other defendant, PayFlex Systems, USA, Inc., from this action.

**Unopposed Motion for Withdrawal of Plaintiff's Counsel, and for**                                                                                                    **Page 2**
**120-Day Extension of All Deadlines Contained in the Court's**
**Scheduling Order (Doc. 26)**

5. This withdrawal is not sought for delay only.

6. The succeeding attorney, if any, is currently not known to Movant. In lieu thereof, and in compliance with Local Rule 83.12(a), Movant provides the following information:

| | |
|---|---|
| Client's Name | Ms. Gulnar Thawar |
| Client's Address | 4249 Indian Run Drive |
| | Carrollton, TX 75010-3297 |
| Client's Telephone | 972.704.6074 |

7. Movant certifies that he emailed a draft of this motion to Thawar on Saturday, October 22, 2016. Movant also certifies that he is serving both by email and regular U.S. Mail a filed version of this document to the address set forth in the immediately preceding paragraph.

WHEREFORE, Movant Wade A. Forsman asks the Court to remove him as counsel of record for Plaintiff Gulnar Thawar, that the Court extend by one hundred twenty days all deadlines contained in the *Scheduling Order* (**Doc. 26**), and for any other relief to which Movant may be entitled.

Dated: October 28, 2016

Respectfully submitted,

By: s/ Wade A. Forsman
    **Wade A. Forsman**
    State Bar No. 07264257
    P.O. Box 918
    Sulphur Springs, TX 75483-0918
    Tel.: 903.689.4144 East Texas
    Tel.: 972.499.4004 Dallas Fort Worth
    Fax: 903.689.7001
    wade@forsmanlaw.com

**Attorney for Plaintiff Gulnar Thawar**

**Unopposed Motion for Withdrawal of Plaintiff's Counsel, and for**     Page 3
**120-Day Extension of All Deadlines Contained in the Court's**
**Scheduling Order (Doc. 26)**

## Certificate of Service

I certify that on **October 28, 2016**, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

I also certify that on **October 28, 2016**, I served by email the foregoing document to Plaintiff Gulnar Thawar.

I also certify that on **October 29, 2016**, I served by regular first-class mail the foregoing document to Plaintiff Gulnar Thawar.

s/ Wade A. Forsman
_____
**Wade A. Forsman**

## Certificate of Conference

On Saturday, October 22, 2016, Movant conferred via email with counsel for Defendant 7-Eleven, Inc. concerning the relief requested in this document. As stated in paragraph 3 *supra,* the relief requested is unopposed.

On Friday, October 28, 2016, Movant conferred via telephone with counsel for Defendant 7-Eleven, Inc., during which time counsel indicated that the request for an extension of one hundred twenty days was unopposed. (Previously, Movant proposed ninety days, and counsel for 7-Eleven, Inc. that was unopposed.)

s/ Wade A. Forsman
_____
**Wade A. Forsman**